10-3317-cv
Nixon-Tinkelman v. N.Y.C. Dep't of Health & Mental Hygiene

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of August, two thousand eleven.

PRESENT:
        BARRINGTON D. PARKER,
        DENNY CHIN,
        RAYMOND J. LOHIER, JR.,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - -x

BARBARA K. NIXON-TINKELMAN,
        <u>Plaintiff-Appellant</u>,

                -v.-                          10-3317-cv

NEW YORK CITY DEPARTMENT OF HEALTH
AND MENTAL HYGIENE AND CITY OF
NEW YORK,
        <u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT:        ARNOLD H. PEDOWITZ, Pedowitz &
                                Meister, LLP, New York, New York.

FOR DEFENDANTS-APPELLEES:       ELIZABETH I. FREEDMAN, Assistant
                                Corporation Counsel of the City of
                                New York (Francis F. Caputo,
                                Christopher A. Seacord, <u>on the
                                brief</u>), <u>for</u> Michael A. Cardozo,
                                Corporation Counsel of the City of
                                New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Jones, J.). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED AND REMANDED** in part.

Plaintiff-appellant Barbara K. Nixon-Tinkelman ("Tinkelman") appeals from the district court's grant of summary judgment in favor of defendants-appellees New York City Department of Health and Mental Hygiene ("DOHMH") and the City of New York, on her claims that they discriminated against her on account of her disabilities under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101 et seq., and Sections 501 and 504 of the Rehabilitation Act, 29 U.S.C. §§ 791 and 794. Tinkelman, who is hearing impaired and suffers from cancer, heart problems, and asthma, challenges the district court's determination that she was not denied reasonable accommodations on account of these disabilities.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of summary judgment de novo. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.), cert. denied, 540 U.S. 823 (2003). Summary judgment is

---

[1] The district court also dismissed Tinkelman's retaliation claims, including allegations that she was, for retaliatory reasons, (1) denied a reasonable accommodation; (2) "belittled"; and (3) given improper work assignments. Tinkelman fails to brief sufficiently these issues on appeal. Therefore, we consider them abandoned. Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir.), cert. denied, 525 U.S. 1001 (1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

appropriate only if "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Section 504 of the Rehabilitation Act, which applies to defendants, provides that "'[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under' any covered program or activity." Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 85 (2d Cir. 2004) (quoting 29 U.S.C. § 794(a)). To establish a prima facie violation under Section 504, a plaintiff must demonstrate: (1) she is a "qualified individual" with a disability; (2) the defendants are subject to Section 504; and (3) she was "denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or [was] otherwise discriminated against by defendants, by reason of [her] disabilit[y]." Id. (alterations in original) (quoting Henrietta D. v. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003)).[2]

A plaintiff can base a discrimination claim on an employer's failure to make a reasonable accommodation. Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009) (citing Tsombanidis v. W. Haven Fire Dep't, 352 F.3d 565, 573 (2d Cir. 2003)). The Rehabilitation Act "prohibit[s] discrimination against qualified disabled individuals by requiring that they receive 'reasonable

---

[2] The defendants argue that Tinkelman is not a "qualified individual" within the meaning of Section 504 of the Rehabilitation Act. The district court, however, did not reach this issue and we thus do not consider its merits.

accommodations' that permit them to have access to and take a meaningful part in . . . public accommodations." Powell, 364 F.3d at 85 (citing Henrietta D., 331 F.3d at 273; Felix v. N.Y.C. Transit Auth., 324 F.3d 102, 104 (2d Cir. 2003)).

Two proposed accommodations are at issue here. First, Tinkelman contends that defendants should have provided her with a special telephone or device for the hearing impaired for the thirteen months while she was stationed in Manhattan. Second, after she was moved from Queens to Manhattan, she requested that defendants accommodate her with respect to her commute to work.

We agree with the district court that Tinkelman's claim based on her proposed accommodation, in the form of a special telephone or device for the thirteen months in question, fails as a matter of law. First, it is undisputed that Tinkelman did not request a special telephone during the thirteen months in question. While the failure to make a request is not fatal to a claim for a reasonable accommodation, the failure to make a request is a consideration because it is "'[g]enerally . . . the responsibility of the individual with a disability to inform the employer that an accommodation is needed.'" Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 135 (2d Cir. 2008) (quoting Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 (2d Cir. 2006)). Second, when Tinkelman had previously asked for an amplification device, she was given approval to purchase one and was subsequently reimbursed. On another occasion as well, DOHMH provided Tinkelman with a special telephone. Hence, when defendants had previously been made aware of her needs, she was either reimbursed for or furnished with a special telephone or device.

-4-

Defendants' failure to spontaneously offer Tinkelman a special telephone in the circumstances here did not constitute discrimination. On this record, no reasonable jury could find discriminatory intent with respect to the thirteen months in question.

As for Tinkelman's second request, the district court erred in granting summary judgment on the grounds that "commuting falls outside the scope of [p]laintiff's job, and is thereby not within the province of an employer's obligations under the ADA and the Rehabilitation Act." Nixon-Tinkelman v. N.Y.C. Dep't of Health & Mental Hygiene, No. 08-04509, slip op. at 28 (S.D.N.Y. July 26, 2010). Our case law establishes that in certain circumstances, an employer may have an obligation to assist in an employee's commute. Indeed, this Court has stated that "there is nothing inherently unreasonable . . . in requiring an employer to furnish an otherwise qualified disabled employee with assistance related to her ability to get to work." Lyons v. Legal Aid Soc'y, 68 F.3d 1512, 1517 (2d Cir. 1995); accord DeRosa v. Nat'l Envelope Corp., 595 F.3d 99, 104 (2d Cir. 2010) (suggesting that employer had provided a reasonable accommodation by allowing employee to work from home, which was "necessary to maintaining his job").

Determining whether a particular commuting accommodation is reasonable normally involves a fact-specific inquiry. Lyons, 68 F.3d at 1517 (citing Borkowski v. Valley Cent. Sch. Dist. 63 F.3d 131, 138-40 (2d Cir. 1995)). Here, the district court erred because it concluded that an employer had no obligation to assist in an employee's commute, when we have held

-5-

that, in certain circumstances, such an obligation can exist.  We therefore remand for the district court to reconsider, in light of the applicable law, whether it would have been reasonable for defendants to provide assistance related to Tinkelman's ability to get to work.  Given that Tinkelman had worked for many years in a more suitable location, for example, the district court should have considered whether defendants could have reasonably accommodated her needs simply by transferring her back to Queens or another closer location, allowing her to work from home, or providing a car or parking permit.

On remand, the district court shall consider factors such as the number of employees employed by DOHMH, the number and location of its offices, whether other available positions existed for which Tinkelman showed that she was qualified, whether she could have been shifted to a more convenient office without unduly burdening DOHMH's operations, and the reasonableness of allowing her to work without on-site supervision.  If the court determines that these issues may be resolved without deciding disputed issues of fact, it need not proceed to trial and may supplement the summary judgment decision here appealed.

We therefore **VACATE** the district court's judgment with respect to Tinkelman's request that defendants accommodate her commute and **REMAND** for proceedings consistent with this opinion. We **AFFIRM** the district court's judgment in all other respects.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK