12-687(L)
Bienenfeld v. Calderon

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand thirteen.

PRESENT:
        REENA RAGGI,
        GERARD E. LYNCH,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges*.

-----------------------------------------------------------------------

SAUL BIENENFELD, ESTATE OF BAGAROZZA,
            *Plaintiff*,

PUBLIC ADMINISTRATOR FOR THE COUNTY OF QUEENS AS ADMINISTRATOR OF THE ESTATE OF GUIERLLERMO PAGUAY,
            *Third-Party-Plaintiff*,

        v.

BOSCO, BISIGNANO & MASCOLO,
            *Defendant-Appellant-Cross-Appellee*,

DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION,
            *Appellant-Cross-Appellee*,

PAUL ESPOSITO, *et al.*,

No. 12-687(Lead)
No. 12-831(XAP)
No. 12-885(XAP)

1

*Claimants-Third-Party-Defendants-Appellees-Cross-Appellants*,

KELLY GARIGLIANO, *et al.*,
*Defendants-Appellees*,

PHILIP GARIGLIANO, *et al.*,
*Claimants-Third-Party-Defendants-Appellees*,

RICHARD GODOSKY, Attorney, *et al.*,
*Defendants*,

THE M/V ANDREW BARBERI, ITS ENGINES AND BOILERS IN REM, *et al.*,
*Third-Party-Defendants*,

THERESA KLINGELE,
*Claimants*,

CARLOS M. CALDERON, RICHARD S. WEISMAN,
*Respondents*,

TORGAN & COOPER, P.C.,
*Interested Party*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANTS: JAMES E. RYAN (Anthony P. Gentile, Godosky & Gentile, P.C., New York, New York, *on the brief*), Dougherty, Ryan, Giuffra, Zambito & Hession, New York, New York, *for Appellants-Cross-Appellees Bosco, Bisignano & Mascolo and Dougherty, Ryan, Giuffra, Zambito & Hession*.

APPEARING FOR APPELLEES: NORMAN A. OLCH, ESQ., New York, New York, *for Claimants-Third-Party-Defendants-Appellees-Cross-Appellants Paul Esposito*, *et al.* CARLOS M. CALDERON, Weisman & Calderon LLP, Mount Vernon, New York, *for*

2

*Respondents Carlos M. Calderon and Richard S.*
*Weisman and Claimants-Third-Party-*
*Defendants-Appellees Philip Garigliano, et al.*

Appeal from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*; Viktor V. Pohorelsky, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on January 19, 2012, is AFFIRMED.

These cross-appeals arise from the district court's order granting an award of attorney's fees to appellants Bosco, Bisignano & Mascolo and Dougherty, Ryan, Giuffra, Zambito & Hession ("Designated Counsel") for the common benefit work that they performed in this mass tort litigation arising out of the October 2003 Staten Island Ferry crash. We review the fee award for abuse of discretion, which we will not identify absent "a mistake of law or a clearly erroneous factual finding." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 47–48 (2d Cir. 2000).[1] We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm the challenged fee awards in all respects.

1.    Procedural Arguments

At the outset, we reject Cross-Appellants' argument that Designated Counsel

---

[1] Designated Counsel's argument that we should review certain aspects of the fee determination de novo lacks merit. The district court was not offsetting the awards based on a choice of "a given methodology in structuring an award," such as whether to apply the lodestar method or a percentage of fund formula, In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 304 (1st Cir. 1995), nor was it interpreting a fee-shifting statute, see Preservation Coal. of Erie Cnty. v. Fed. Transit Admin., 356 F.3d 444, 450 (2d Cir. 2004).

3

waived attorney's fees for the duration of the litigation. Insofar as Cross-Appellants argue that the joint management orders submitted to the district court made no mention of attorney's fees, that purported omission is insufficient to demonstrate waiver, which constitutes "the voluntary and intentional relinquishment of a known right" and "which is not created by negligence, oversight, or silence." Amerex Grp., Inc. v. Lexington Ins. Co., 678 F.3d 193, 201 (2d Cir. 2012) (internal quotation marks omitted). Moreover, Cross-Appellants identify no error—let alone clear error—in the magistrate judge's finding, following an evidentiary hearing, that Designated Counsel did not agree to forgo attorney's fees for the common benefit work.

Further, even if we were to assume, as the magistrate judge did, that Designated Counsel's fee motion was untimely under Fed. R. Civ. P. 54(d)(2), we identify no abuse of discretion in the finding that the delay was attributable to excusable neglect. See Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004) (reciting excusable neglect standard); Fed. R. Civ. P. 6(b)(1)(B). Insofar as Cross-Appellants complain that the district court erred in failing to consider the prejudice they suffered, that contention is belied by the record and without merit, as Cross-Appellants had notice as early as 2004 that Designated Counsel sought attorney's fees for common benefit work.

The same conclusion obtains with respect to Cross-Appellants' judicial estoppel argument. Cross-Appellants cannot show that Designated Counsel earlier took a position on fees clearly inconsistent to their present position. Much less can they show that the district court somehow adopted Designated Counsel's earlier fees position, when no such

4

position was submitted to the court.  See DeRosa v. Nat'l Envelope Corp., 595 F.3d 99, 103 (2d Cir. 2010) (requiring party urging judicial estoppel to show, inter alia, that opposing "party's later position is clearly inconsistent with its earlier position" and "party's former position has been adopted in some way by the court in the earlier proceeding" (internal quotation marks omitted)).

2.      Merits

Although both Designated Counsel and Cross-Appellants argue that the district court erred in adopting the magistrate judge's fee calculation, after an independent review of the record and relevant case law, we conclude that the district court acted well within its considerable discretion in allocating attorney's fees in this case.  See Goldberger v. Integrated Res., Inc., 209 F.3d at 47 ("[A]buse of discretion—already one of the most deferential standards of review—takes on special significance when reviewing fee decisions." (internal quotation marks omitted)).  The court's decisions to (1) use the lodestar method to determine fees, (2) use a 1.25 multiplier for the fee award, and (3) increase the award by 10% to account for fee counsel all fall "within the range of permissible decisions," Raedle v. Credit Agricole Indosuez, 670 F.3d 411, 417 (2d Cir. 2012) (internal quotation marks omitted), as do its determinations of who should contribute to the fee fund.  Thus, "giv[ing] substantial deference to [the district court's] determinations, [and] in light of [its] superior understanding of the litigation," we see no reason to disturb the district court's fee determination.  Fox v. Vice, 131 S. Ct. 2205, 2216 (2011) (internal quotation marks omitted).

5

We have considered the parties' remaining arguments and conclude that they are

without merit.  We therefore AFFIRM the district court's fee award in all respects.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court