13-1951-cv
*Wakim v. Cetta et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand fourteen.

PRESENT: RALPH K. WINTER,
RICHARD C. WESLEY,
SUSAN L. CARNEY,
*Circuit Judges*,

IBRAHIM T. WAKIM,

*Plaintiff-Appellant,*

-v.-                                             No. 13-1951-cv

MICHAEL CETTA, INC., DBA Sparks
Steak House, Inc., MICHAEL CETTA,
individually,

*Defendants-Appellees.*

1

FOR APPELLANT:       LOUIS PECHMAN (Jessica N. Tischler, *on the brief*), Berke-Weiss & Pechman LLP, New York, NY.

FOR APPELLEES:       TIMOTHY J. PASTORE (Allan N. Taffet, Bryon S. Moser, *on the brief*), Duval & Stachenfeld LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Ibrahim T. Wakim appeals from two orders entered on May 17, 2012 and April 22, 2013, respectively, in the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).  As relevant to this appeal, the two orders granted summary judgment in favor of defendants-appellees as to Wakim's claims alleging (a) disability discrimination under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq*. and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-10, *et seq*., and (b) retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and New York Labor Law ("NYLL"), § 215.

The district court properly determined that Wakim's successful disability benefits application to the Social Security Administration ("SSA") judicially

2

estopped Wakim from satisfying his discrimination and retaliation claims. Judicial estoppel "prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by [that party] in a prior legal proceeding." *Bates v. Long Island R. Co.*, 997 F.2d 1028, 1037 (2d Cir. 1993).

Wakim is correct that his successful disability benefits application does not *per se* preclude him from establishing a subsequent discrimination or retaliation claim. *See, e.g.*, *DeRosa v. Nat'l Envelope Corp.*, 595 F.3d 99, 105 (2d Cir. 2010). Nonetheless, we see no reason why the district court erred in applying judicial estoppel in this instance. Fundamentally, Wakim's benefits application claimed that he could no longer perform the job of "runner," while his discrimination claim identifies the "runner" position as the reasonable accommodation Wakim should have received. Due to this complete overlap, judicial estoppel is appropriate here. While it certainly is the case that the SSA does not consider reasonable accommodation in determining applications for disability benefits, Wakim represented that he was unable to perform the accommodation job, not that he was unable to perform a task from which he sought accommodation. *See generally Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 797 (1999).

Wakim's retaliation claim, which requires proving, *inter alia*, that an employment action disadvantaged the plaintiff, fails for similar reasons. *See*

3

*Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010).  As the district court explained, because Wakim was judicially estopped from establishing that he could work as a runner after his SSA-determined disability date, yet the challenged conduct did not occur until after that date, defendants' conduct could not have disadvantaged Wakim.

We have considered Wakim's remaining arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
