C&L INTERNATIONAL TRADING INC., Kam Ng, and K&C International Trading Inc., Plaintiffs,

v.

AMERICAN TIBETAN HEALTH INSTITUTE, INC., Chung Kee (USA) International Inc., Yat Chau (USA) Inc., Tung Ren Tang, Ron Feng Trading Inc., Fargo Trading Inc., Yong Long Supermarket Inc., and Po Wing Hong Food Market Inc., Defendants.

American Tibetan Health Institute, Inc., Plaintiff,

v.

Kam Ng, C&L International Trading, Inc., Kang Li Trading, Inc., and K&C International Trading, Inc., Defendants.

13 Civ. 2638 (LLS), 13 Civ. 2763 (LLS)

United States District Court, S.D. New York.

Signed May 20, 2016

Mitchell M. Wong, The Exeter Law Group LLP, New York, NY, for Plaintiffs.

Kam Ng, Brooklyn, NY, pro se.

Bonnie Jean Wolf, Otto Lee, Intellectual Property Law Group LLP, San Jose, CA, Anthony Nicholas Elia, III, The Law Offices Of Anthony N. Elia, P.C., Bonnie Lynn Mohr, Law Office of Bonnie L. Mohr, New York, NY, David William Kloss, Justin David Kloss, Philip B. Abramowitz, Kloss Stenger & Lotempio, Buffalo, NY, for Defendants.

## MEMORANDUM & ORDER

LOUIS L. STANTON, District Judge

Kam Ng and C&L International Trading, Inc. ("C&L") jointly move in limine to exclude certain witnesses and evidence from the third trial.

As C&L is not a party to and has no cognizable interest in the third trial, and has made no showing of standing to join the motions, the motions are dismissed as to C&L.

As to Ms. Ng, the motions are denied in part and decision is .otherwise reserved until trial as set forth below.

## I. PRECLUSION

Ms. Ng is correct that the third trial cannot re-try "matters already decided at the second trial," Br. 17 (Dkt. No. 244),[1] but the only matter decided by the second trial was that C&L was not responsible for Ms. Ng's infringing sales. The jury did not decide that Ms. Ng's sales through C&L were non-infringing, but only that C&L was not itself liable for them in damages because it was ignorant that they infringed American Tibetan Health Institute, Inc.'s ("ATHI") rights. Its verdict stated that "When C&L sold tea under the name 'Tibetan Baicao Tea,' C&L did not know that its sales of Kam Ng and her companies' products infringed ATHI's rights."

The second trial decided no more than that ATHI had failed to prove C&L had that guilty knowledge, which ATHI had to prove in order to recover against C&L. The jury's verdict determined nothing about whether Ms. Ng knew. The jury was not asked to decide that, and had no need to do so in order to accept C&L's evidence that it did not know.

Now, in order to obtain the specific relief of the value of Ms. Ng's profits on those sales, ATHI must prove that she not only made the sales, she knew that they infringed ATHI's rights.

Ms. Ng argues that, having argued that her and C&L's knowledge was coextensive, ATHI should be estopped from arguing that she knew that she was infringing ATHI's rights even if C&L did not.

The bar against adopting conflicting positions during litigation is known as judicial estoppel. The Second Circuit explained its operation in DeRosa v. Nat'l Envelope Corp., 595 F.3d 99, 103 (2d Cir.2010):

> Typically, judicial estoppel will apply if: 1) a party's later position is "clearly inconsistent" with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and 3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel. [New Hampshire v. Maine, 532 U.S. 742] at 750–51, 121 S.Ct. 1808 [149 L.Ed.2d 968 (2001) ]. We further limit "judicial estoppel to situations where the risk of inconsistent results with its impact on judicial integrity is certain." Uzdavines v. Weeks Marine, Inc., 418 F.3d 138, 148 (2d Cir.2005) (quoting Simon v. Safelite Glass Corp., 128 F.3d 68, 72 (2d Cir.1997)).

There is no fundamental contradiction between claiming that both defendants knew and, after that fails as against one defendant, claiming that at least the other did know. Nor does the second trial jury's rejection of ATHI's argument that both Ms. Ng and C&L knew of the sales' infringing nature collaterally estop its argument that at least Ms. Ng knew of it. The jury could easily have thought that whether or not Ms. Ng knew of it, C&L did not, and rendered their verdict accordingly.

---

1. All docket numbers refer to the docket in case No. 13 Civ. 2763.

Ms. Ng's motion to foreclose proof of her knowledge that her sales of Tibetan Baicao Tea infringed ATHI's rights, as being barred by res judicata or collaterally estopped as relitigation of issues decided by the second trial, is denied.

## II. THE HORSE AND CUP TRADEMARKS

Ms. Ng moves to preclude the introduction of "any exhibits relating to the horse or cup trademarks, including but not limited to proposed exhibits ATHI-5, ATHI-9, ATHI-10, ATHI-12, ATHI-13, ATHI-23, ATHI-33, ATHI-34, ATHI-36 and ATHI-37." Notice of Motion 2 (Dkt. No. 242).

Ms. Ng objects to these exhibits based on the ruling that the horse and cup trademark were secondary to ATHI's case, and were excised from the first injunction in the amended injunction.

Nothing in the last year has changed the dubious materiality of the horse and cup trademarks. My reaction to Ms. Ng's present motion is the same as it was to its predecessor: "I would not exclude a package simply because it had a horse and cup on it, as well as Tibetan Baicao Tea. But I would not admit it for discussion of the horse and the cup aspects, because I think they are out of the case." June 5, 2015 Conference Tr. 12:18-21 (Dkt. No. 209).

Decision on the admissibility of those marks is reserved until trial.

## III. TESTIMONY OF AND EVIDENCE RELATING TO JAFFE TSANG

Jaffe Tsang is the manager of Chung Kee (USA) International Inc., a party to this case which is also represented by ATHI's counsel.

Ms. Ng seeks an order "precluding Mr. Tsang from testifying at trial, and precluding ATHI from introducing exhibits relating to Mr. Tsang, including but not limited to ATHI-53, ATHI-54 and ATHI-58," claiming various discovery defects. Notice of Motion 2.

In response to a similar motion by C&L before the second trial, ATHI was ordered to make Mr. Tsang available to be deposed upon demand by C&L. The record is unclear whether C&L sought to depose Mr. Tsang, and he did not testify at that trial.

Ms. Ng is entitled to the same opportunity that was given to C&L. There is ample time before this trial for Ms. Ng to take Mr. Tsang's deposition by examining him personally or through counsel of her choice (so long as her counsel first appears in this action on her behalf). If ATHI intends to call Mr. Tsang at trial, he shall be made available to be deposed. No need has been shown for C&L to take his deposition as it is not a party to the third trial.

Decision on Ms. Ng's third motion in limine is otherwise reserved until trial.

## IV. TESTIMONY OF AND EXHIBITS RELATING TO DANIEL LIU

Finally, Ms. Ng seeks an order "precluding Mr. Liu from testifying at trial, and precluding ATHI from introducing exhibits relating to Mr. Liu, including but not limited to ATHI-17, ATHI-18, ATHI-19, ATHI-20." Notice of Motion 2.

Daniel Liu worked as a paralegal and investigator for ATHI in this matter. Ms. Ng principally objects to Mr. Liu's testimony and evidence on the grounds that Mr. Liu has never been deposed and that a video he allegedly recorded on April 14, 2013 depicting Ms. Ng selling him several boxes of the infringing tea was only recently produced by ATHI. The objection cannot be sustained in light of the history of this case.

The substance of Mr. Liu's testimony has been known to all parties since the commencement of this action. ATHI filed its original complaint on April 25, 2013

(Dkt. No. 1). Exhibit 9 to that complaint is an affidavit by Mr. Liu, which describes how he was hired by ATHI in March 2013 to investigate retailers selling Tibetan Baicao Tea in the New York City area. It further states that on April 5 and 14, 2013 Mr. Liu went to K&C International Trading, Inc.'s ("K&C") retail location at 84 Hester Street in Manhattan's Chinatown and purchased several boxes of the tea from Ms. Ng.

On May 21, 2013 at a hearing on ATHI's motion for a preliminary injunction attended by counsel for Ms. Ng, the video, which more than three years later Ms. Ng now claims to be ambushed by, was played in open court. Hr'g Tr. 34:16-17 ("THE COURT: Well, let's see the video, and therefore I will make it part of the record."). C&L and Ms. Ng's claims that ATHI did not disclose the existence of the video until last month are flagrantly wrong, unless they are addressing some other video. See Br. 22 ("ATHI's failure to disclose the existence of the video until two weeks ago, as well as its refusal to produce the video earlier in discovery, calls into question the integrity of the discovery record produced by ATHI."); Reply Br. 18 (Dkt. No. 258) ("ATHI never disclosed the existence of the videotape until after C&L had already been tried.") (emphasis in original).

At the first trial in 2014, Mr. Liu's video was not played, but he testified about his work for ATHI including the making of the video; his April 5 and 14, 2013 purchases from Ms. Ng, which were described in his affidavit; and a third purchase of tea from K&C on April 30, 2013. Mr. Liu was cross-examined by Ms. Ng's counsel, including questions about the video. Mar. 25, 2014 Trial Tr. 174-76 (Dkt. No. 69).

The parties agreed that depositions of fact witnesses would be completed by March 28, 2014. Joint Proposed R. 16(b) Scheduling Order 3 (so ordered Nov. 22, 2013) (Dkt. No. 42). Ms. Ng allowed that deadline to expire more than two years ago without deposing Mr. Liu—a witness of whom she has known since the commencement of this action—has made no apparent effort to examine him since then, and can hardly claim to have been caught off guard.

So much of Ms. Ng's fourth motion in limine to preclude the testimony of Mr. Liu and related exhibits as rests on claims of concealment, surprise, delay in production, or the fact that Mr. Liu has not been deposed yet is denied. On any other objections to Mr. Liu's testimony or those exhibits, decision is reserved until trial.

## CONCLUSION

The joint motions in limine (Dkt. No. 242) are dismissed as to C&L International Trading, Inc. As to Kam Ng, the motions in limine are denied in part and decision is otherwise reserved until trial as set forth above.

So ordered.