*Grajeda v. Vail Resorts Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> MYRNA PÉREZ,
> *Circuit Judges,*

---

RICHARD GRAJEDA,

*Plaintiff-Appellant-Cross-Appellee*,

v.

VAIL RESORTS INC., VAIL RESORTS MANAGEMENT COMPANY, OKEMO LIMITED LIABILITY COMPANY D/B/A OKEMO MOUNTAIN RESORT,

*Defendants-Appellees-Cross-Appellants,*

ENE EVALUATOR,

*Defendant.*

24-685 (L),
24-1592 (Con),
24-802 (XAP)

---

| | |
|---|---|
| For Plaintiff-Appellant: | BRIAN J. ISAAC, Pollack, Pollack Isaac & DeCicco, New York, NY (Andrew J. Smiley, Smiley and Smiley LLP, New York, NY, *on the brief*). |

For Defendants-Appellees:     MICHAEL JAMES CURTIS, Kahana Feld LLP, New York, NY.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Richard Grajeda appeals from an order entered by the United States District Court for the District of Vermont (Reiss, *C.J.*), on June 10, 2024, denying Grajeda's motion to enforce a settlement agreement. Upon learning that the jury had reached a verdict, Grajeda told his attorney, Andrew Smiley ("Smiley"), that he wanted to accept Defendants' settlement offer. After representing to the district court that "there was an offer that our client wants to accept before the verdict," engendering a pause in the proceedings, Smiley told the court thereafter that Defendants "pulled" the offer before he could accept it on behalf of his client. A-2815–16. The jury then issued a verdict for Defendants. Grajeda subsequently sought to enforce the settlement, arguing that, contrary to what Smiley had said, there *was* a valid settlement, as he *had* accepted the offer prior to his counsel's report that it had been pulled. The district court denied Grajeda's motion on the grounds of judicial estoppel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to **AFFIRM.**

We review a district court's invocation of judicial estoppel for abuse of discretion. *Ashmore v. CGI Grp., Inc.*, 923 F.3d 260, 271 (2d Cir. 2019). Judicial estoppel is an equitable doctrine that prevents a party from maintaining "a certain position in a legal proceeding" and thereafter "assum[ing] a contrary position, especially if it be to the prejudice of the party who has acquiesced

2

in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). To determine whether judicial estoppel applies, courts generally consider three factors: 1) whether the party's later position was "clearly inconsistent" with its earlier position, 2) whether the party persuaded a court to accept its earlier position in some way, such that acceptance of the later position would create the impression that the court was misled, and 3) whether the party asserting the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Id.* at 750–51 (citations omitted); *Uzdavines v. Weeks Marine, Inc.*, 418 F.3d 138, 147 (2d Cir. 2005). Because judicial estoppel is, at base, an equitable doctrine, these factors are not an "exhaustive formula." *New Hampshire*, 532 U.S. at 751.

The district court did not abuse its discretion in finding Grajeda was judicially estopped from enforcing the settlement. First, Grajeda's positions were inconsistent. Prior to the verdict being read, Smiley told the court that Defendants' settlement offer "was just pulled," "[b]efore [he] had an opportunity to accept" it on behalf of Grajeda. A-2815–16. After the verdict was read, Smiley claimed that Grajeda accepted the offer before it was pulled. These statements clash as to whether the offer was accepted—and therefore whether an enforceable settlement existed. Although we have an obligation to "consider the contexts in which apparently [inconsistent] statements are made" and try to reconcile them, *DeRosa v. Nat'l Envelope Corp.*, 595 F.3d 99, 103 (2d Cir. 2010) (quotation marks omitted); *United States v. Apple, Inc.*, 791 F.3d 290, 337 (2d Cir. 2015), Grajeda provides no explanation that harmonizes his fundamentally different positions.

Second, Grajeda persuaded the district court to accept his earlier position. After learning that Grajeda wanted to accept the offer, the district court sent the jury back to the jury room—to avoid delivering the verdict—while Smiley attempted to accept the offer on his client's behalf.

3

The district court "need[ed] to know," it explained, whether there was "offer and acceptance right now" before it "call[ed] off the verdict." A 2814–15. When Smiley told the district court that the offer had been pulled, the district court called in the jury to deliver the verdict. These events make clear that the district court would not have heard the verdict if Smiley had indicated he had successfully accepted the offer. Because Smiley's representations were "indispensable to the [district] court's willingness" to call in the jury, the district court accepted his position. *In re Adelphia Recovery Tr.*, 634 F.3d 678, 688, 697–98 (2d Cir. 2011) (finding judicial acceptance where a bankruptcy court approved a sale based on representations that there were no potential fraudulent conveyance actions).

Third, Grajeda would derive an unfair advantage if allowed to enforce the settlement. Settling prior to a verdict is a game of odds. A plaintiff must choose certain payment over the risk of receiving either a "huge judgment" or, often, nothing at all. *Ruskay v. Waddell*, 552 F.2d 392, 395 n.6 (2d Cir. 1977); *see also Drywall Tapers & Pointers, Loc. Union 1974 of I.U.P.A.T., AFL-CIO v. Nastasi & Assocs. Inc.*, 488 F.3d 88, 93 (2d Cir. 2007). That risk-assessment is eviscerated where, as here, a plaintiff can hear the verdict and then choose to enforce a settlement. If the award is greater than the settlement offer, a plaintiff can stay mum. But if the verdict is less than the offer—as was the case here—a plaintiff can speak up and nullify the verdict. The district court correctly recognized the significant advantage litigants might gain if allowed to enforce settlements in such circumstances and the resulting harm to judicial integrity and finality. *In re Adelphia*, 634 F.3d at 696. The court's decision to estop Grajeda from enforcing the settlement was well within the permissible range of decisions. *Zervos v. Verizon N. Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001).

*        *        *

We have considered Grajeda's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court