Julius Pollack et al., Suing on Behalf of Themselves and All Other Stockholders of Warner Bros. Pictures, Inc., and on Behalf of Warner Bros. Pictures, Inc., Respondents, *v.* Warner Bros. Pictures, Inc., et al., Defendants, and Harold S. Bareford et al., Defendants-Appellants.

First Department, May 7, 1943.

*Joseph D. Karp* of counsel (*Stanleigh P. Friedman, Jerome H. Doran* and *T. Latta McCray* with him on the brief; *Friedman, Bareford & Hazen,* attorneys), for appellants.

*Alfred J. Talley* of counsel (*Abraham Hornstein* with him on the brief; *Alfred J. Talley,* general counsel), for respondents.

*Per Curiam.* Irrespective of the conclusory allegations set forth, the first cause of action is one for waste of corporate assets. Though the second cause of action is framed in fraud, in essence it likewise is an action for waste of corporate assets. (*Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259, 264; *Cohen* v. *City Company of New York,* 283 N. Y. 112, 117.) As to each

of the two causes of action, the Statute of Limitations to recover damages for injury to corporate property applies.

The Statute begins to run from the date of the commission of each separate wrongful act alleged in each cause of action regardless of the date of the discovery or of the continuance in control by appellants. (*Schmidt* v. *Merchants Despatch Trans. Co.,* 270 N. Y. 287.)

Former section 48, subdivision 3, of the Civil Practice Act provided a six-year Statute of Limitations for actions for injury to property which accrued prior to September 1, 1936. This provision of the Civil Practice Act subsequently became section 49, subdivision 7, of the Civil Practice Act (L. 1936, ch. 558), which provides a three-year Statute of Limitations for such actions as accrued after September 1, 1936.

The earliest date that the action at bar was commenced against any of the individual appellants was August 29, 1941, by service of the summons upon appellant Samuel Carlisle. Process was served upon the other appellants on various subsequent dates. Accordingly, so far as appellant Carlisle is concerned, the six-year Statute of Limitations is a bar to those acts embraced within the first and second causes of action which occurred prior to August 29, 1935. Likewise, the three-year Statute of Limitations which became effective September 1, 1936, is also a bar to those acts which occurred between September 1, 1936, and August 29, 1938. The statutory bar is similarly applicable as to the other appellants, except that the respective dates on which the summons was served upon them are to be substituted in place of August 29, 1938, in the formula.

In the circumstances, the court should have granted that part of appellants' motion which sought the dismissal of such portions of the first and second causes of action as were barred by the controlling Statutes of Limitations. (*Goldstein* v. *Tri-Continental Corp.,* 282 N. Y. 21.) The relief may be had without requiring respondents to serve an amended complaint. The order to be entered hereon may provide that such parts of the causes of action as are affected are to be deemed dismissed. The order, so far as appealed from, should be modified accordingly, and as so modified affirmed, with twenty dollars costs and disbursements to appellants.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Order, so far as appealed from, unanimously modified in accordance with opinion, and as so modified affirmed, with twenty dollars costs and disbursements to the appellants. Settle order on notice.