■ MILTON R. COHEN et al., on Behalf on Themselves and as Shareholders of CORAX CORPORATION, Respondents, v. MORRIS MANSON et al., Appellants. MILTON R. COHEN et al., on Behalf of Themselves as Shareholders of STEEL SLIDES, INC., Respondents, v. MORRIS MANSON et al., Appellants.— Two orders,

**556**

Supreme Court, New York County, each entered March 13, 1973, unanimously modified, on the law, by reversing so much of said orders as deny appellants the relief sought in paragraphs 1 and 2 of the notices of motion, and granting the motions to that extent, and otherwise affirmed. Appellants shall recover of respondents $60 costs and disbursements of these appeals. As limited by the briefs, at issue in this stockholders' derivative action is whether new claims asserted in an amended complaint are subject to the six-year Statute of Limitations (CPLR 213, subd. 8) or that applicable to fraud actions (CPLR 213, subd. 9; 203, subd. [f]). The claims are essentially for waste and diversion of corporate assets and no attempt is made to plead actual fraud. (*Myer* v. *Myer*, 271 App. Div. 465, affd. 296 N. Y. 979; *Pollack* v. *Warner Bros. Pictures*, 266 App. Div. 118; *Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259.) At the time of all the occurrences alleged in the amended complaint and at the time of its service plaintiffs were officers and directors of the corporation and no facts are pleaded warranting application of the doctrine of equitable estoppel (cf. *General Stencils* v. *Chiappa*, 18 N Y 2d 125; McKinney's Cons. Laws of N. Y., Book 7B, Practice Commentaries CPLR 201, p. 59). Concur — Stevens, P. J., Markewich, Kupferman, Steuer and Macken, JJ.