12-4738-cv
Lia v. Saporito

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand thirteen.

PRESENT:  REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
          JOHN F. KEENAN,
                    *District Judge*.[*]

-----------------------------------------------------------------------

DON LIA, MOBILE MANAGEMENT, LLC,
                    *Plaintiffs-Appellants*,

                    v.                                        No. 12-4738-cv

MICHAEL SAPORITO, JESSE ARMSTEAD,
                    *Defendants-Appellees*.[**]

-----------------------------------------------------------------------

APPEARING FOR APPELLANTS:     HERVE GOURAIGE, Sills Cummis & Gross, New York, New York.

--------------------

[*] The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the official caption as shown above.

1

APPEARING FOR APPELLEES:    RICK OSTROVE (Matthew Weinick, Leeds Brown Law, Carle Place, New York; Charles M. Rowan, Jr., Saul Ewing LLP, Princeton, New Jersey, *on the brief*), Leeds Brown Law, Carle Place, New York, *for Michael Saporito*.

ANDREW PAUL COOPER (Jonathan M. Cader, *on the brief*), Davidoff Hutcher & Citron, Garden City, New York, *for Jesse Armstead*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered November 9, 2012, is AFFIRMED.

Plaintiff Don Lia appeals from the dismissal of his claims against defendants Michael Saporito and Jesse Armstead for specific performance, declaratory judgment, breach of fiduciary duty, constructive trust, unjust enrichment, and an accounting. Plaintiff Mobile Management, LLC ("Mobile Management") appeals from the dismissal of its claim against defendants for breach of fiduciary duty. Specifically, plaintiffs challenge the district court's determination that (1) Lia is judicially estopped from asserting each of his claims, and (2) plaintiffs' fiduciary claims are, in any event, untimely or fail to state a claim for relief. We review decisions to dismiss on these grounds de novo, see Gatt Commc'ns, Inc. v. PMC Assocs., LLC, 711 F.3d 68, 74 (2d Cir. 2013) (stating de novo standard applies to review of dismissal pursuant to Fed. R. Civ. P. 12(b)(6)), City of Pontiac Gen. Employees' Ret. Sys. v. MBIA, 637 F.3d 169, 173

2

(2d Cir. 2011) (citing <u>de novo</u> standard of review for a district court's "interpretation and application of a statute of limitations"), <u>Uzdavines v. Weeks Marine, Inc.</u>, 418 F.3d 138, 142 (2d Cir. 2005) (stating that invocation of judicial estoppel "is a pure question of law, which we review <u>de novo</u>").[1]  In doing so here, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      <u>Judicial Estoppel</u>

A party who "assumes a certain position in a legal proceeding, and succeeds in maintaining that position," can be judicially estopped from assuming a contrary position thereafter simply because his interests have changed.  <u>New Hampshire v. Maine</u>, 532 U.S. 742, 749 (2001) (internal quotation marks omitted); <u>see</u> <u>DeRosa v. Nat'l Envelope Corp.</u>, 595 F.3d 99, 103 (2d Cir. 2010) (holding that judicial estoppel will generally apply if (1) "party's later position is clearly inconsistent with its earlier position," (2) former

---

[1] We recognize that our sister circuits are split as to whether dismissal on grounds of judicial estoppel should be reviewed <u>de novo</u>, <u>see</u> <u>Solomon v. Vilsack</u>, 628 F.3d 555, 561 (D.C. Cir. 2010); <u>Lorillard Tobacco Co. v. Chester, Willcox & Saxbe</u>, 546 F.3d 752, 757 (6th Cir. 2008), or for abuse of discretion, <u>see</u> <u>Queen v. TA Operating, LLC</u>, ---F.3d---, 2013 WL 4419322, at *3 (10th Cir. 2013) (reviewing for abuse of discretion); <u>Ah Quin v. Cnty. of Kauai Dep't of Transp.</u>, ---F.3d---, 2013 WL 3814916, at *2 (9th Cir. 2013); <u>Grochocinski v. Mayer Brown Rowe & Maw, LLP</u>, 719 F.3d 785, 795 (7th Cir. 2013); <u>Rockwood v. SKF USA Inc.</u>, 687 F.3d 1, 10 (1st Cir. 2012); <u>In re Oparaji</u>, 698 F.3d 231, 235 (5th Cir. 2012); <u>Capella Univ., Inc. v. Exec. Risk Specialty Ins. Co.</u>, 617 F.3d 1040, 1051 (8th Cir. 2010); <u>In re Kane</u>, 628 F.3d 631, 636 (3d Cir. 2010); <u>Stevens v. Tolbert</u>, 471 F.3d 1173, 1175 (11th Cir. 2006).  We have no reason on this appeal to reconsider our precedent favoring <u>de novo</u> review because the record supports dismissal even under that more demanding standard.  <u>See</u> <u>Hoffler v. Bezio</u>, 726 F.3d 144, 151–52 (2d Cir. 2013) (stating that court need not determine standard of review when result would be same under either standard).

3

position was "adopted in some way by the court in the earlier proceeding," and (3) "party asserting the two positions would derive an unfair advantage against the party seeking estoppel" (internal quotation marks omitted)). Because the purpose of the rule is to "protect the integrity of the judicial process," New Hampshire v. Maine, 532 U.S. at 749 (internal quotation marks omitted), it is properly applied only when "the risk of inconsistent results with its impact on judicial integrity is certain," DeRosa v. Nat'l Envelope Corp., 595 F.3d at 103 (internal quotation marks omitted).

Lia does not here dispute that judicial estoppel can apply "to sworn statements made to administrative agencies . . . as well as to courts." Id. Neither does he seriously contend—nor could he—that he takes a position in the complaint in this action that is not clearly inconsistent with that taken in his deposition testimony in a 2005–2006 New Jersey administrative protest. Instead, he asserts that the district court erred in holding his claims judicially estopped because (1) he was not a party to the New Jersey proceeding nor in privity with any party to that proceeding; (2) his deposition testimony was not necessary to the ultimate disposition of the administrative proceeding; (3) any inconsistency between his deposition testimony and his position in this action affords plaintiffs no unfair advantage; and (4) defendants' unclean hands bar them from asserting estoppel. We disagree.

Assuming without deciding that judicial estoppel applies only to parties or their privies in a prior proceeding, that requirement is satisfied here because the crux of Lia's complaint is that pursuant to various agreements made in 2003 and 2006, he is the

4

undisclosed 75% owner, sole manager, and sole financier of Hamilton Honda, also known as "All Star Motors, LLC" ("All Star"), which was a party to the administrative proceeding. See Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 368 (2d Cir. 1995) (explaining that for res judicata purposes, determination of whether party is in privity with former litigant requires court to inquire whether "party controlled or substantially participated in the control of the presentation on behalf of a party to the prior action" and that its interests were "identical to the interests" of former litigant (internal quotation marks and alterations omitted)).

As for Lia's contention that his prior deposition testimony was not necessary to the ultimate decision of the New Jersey proceeding, he mistakenly conflates collateral estoppel and judicial estoppel. Collateral estoppel "bars the relitigation of issues actually litigated and decided in the prior proceeding, as long as that determination was essential to that judgment." Id. at 375. Judicial estoppel, by contrast, demands no similar "but for" causation; it requires only that "the party's former position has been adopted in some way by the court in the earlier proceeding." Adelphia Recovery Trust v. HSBC Bank USA (In re Adelphia Recovery Trust), 634 F.3d 678, 695–96 (2d Cir. 2011) (emphasis added; internal quotation marks omitted); accord Republic of Ecuador v. Chevron Corp., 638 F.3d 384, 397 (2d Cir. 2011) (stating that prior position must be adopted by court "in some manner" (internal quotation marks omitted)). As earlier noted, the concern animating judicial estoppel is "improper use of judicial machinery." New Hampshire v. Maine, 532 U.S. at 750. Thus, the relevant question is whether a

5

"party has succeeded in persuading a court to <u>accept that party's earlier position</u>, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled."   <u>Reed Elsevier, Inc. v. Muchnick</u>, 559 U.S. 154, 170 (2010) (emphasis added; internal quotation marks omitted). The statement in <u>Adler v. Pataki</u>, 185 F.3d 35 (2d Cir. 1999), that "judicial estoppel applies only when a tribunal in a prior separate proceeding has relied on a party's inconsistent factual representations and rendered a favorable decision," <u>id.</u> at 41 n.3 (emphasis omitted), is not to the contrary.

In any event, the administrative law judge ("ALJ") in the New Jersey proceeding did rely on Lia's deposition testimony in determining that Lia had no ownership interest in All Star, the New Jersey Motor Vehicle Franchise Committee adopted the ALJ's findings of fact and conclusions of law in their entirety in its final decision, and the New Jersey Appellate Division affirmed.   <u>See</u> <u>W&D Imports, Inc. v. Am. Honda Motor Co., Inc.</u>, 2008 WL 281576 (N.J. Super. Ct. App. Div. Feb. 4 2008). Thus, like the district court, we conclude that because Lia's inconsistent assertions in his deposition testimony and in his complaint present a situation where "the risk of inconsistent results with its impact on judicial integrity is certain," judicial estoppel properly applies.   <u>DeRosa v. Nat'l Envelope Corp.</u>, 595 F.3d at 103 (internal quotation marks omitted).

Nor can Lia escape this conclusion by insisting that his deposition testimony was immaterial to the ALJ's disposition because the ALJ characterized his noninvolvement in All Star as an inconsequential red herring.   As is evident from the record, the ALJ

6

eschewed accusations of Lia's alleged covert involvement in All Star because it credited his testimony of non-involvement. Thus, whatever other findings may have lent support to the ALJ's protest resolution, his conclusion depended on a finding that persons other than Lia owned the dealership that was the subject of the protest and that Lia held no concealed interest therein.

Lia argues that he received no unfair advantage from his prior testimony and defendants here would suffer no unfair detriment. Although "the doctrine of judicial estoppel applies 'especially' when it prejudices 'the party who has acquiesced in the position formerly taken by the party to be estopped,'" the relevant question remains "whether a party has successfully maintained a position in one proceeding and assumed a contrary position in another proceeding after his interests have changed." In re Adelphia Recovery Trust, 634 F.3d at 699 (quoting DeRosa v. Nat'l Envelope Corp., 595 F.3d at 103 (alterations omitted)). For reasons already stated, we answer that question in the affirmative.[2]

---

[2] Lia's disavowal of unfair advantage is, in any event, unconvincing because, by denying his own ownership interest in All Star and the dealership that was the subject of the protest and representing to the ALJ that the sole owners were Saporito and Armstead, the latter an African-American male, Lia was the concealed beneficiary of an exception from the presumption of economic harm afforded a protesting party by N.J.S.A. § 56:10-23(b), which applies when the challenged franchisee is a woman or a member of a protected minority group, see id. § 56:10-23(c), and which the ALJ found applicable due to Armstead's purported majority ownership of All Star. Although the ALJ determined that Willis was not entitled to a presumption of economic harm under § 56:10-23(b), had Lia testified that he held an undisclosed ownership interest in the franchise, the ALJ may well have invoked § 56:10-23(b)(4), which applies if the "owner or operator" of the new proposed dealer has engaged in unfair or deceptive practices.

Finally, for the first time on appeal, Lia argues that defendants' own unclean hands should preclude judicial estoppel because they were complicit in concealing Lia's interests in All Star during the administrative proceedings. Because this argument was forfeited in the district court, we decline to address its merits on this appeal. See Oneida Indian Nation v. Madison County, 665 F.3d 408, 441 (2d Cir. 2011).

In sum, we conclude that judicial estoppel properly applied against Lia in this case, a conclusion that makes it unnecessary for us to address his challenges to alternative grounds for dismissing his fiduciary duty claim.

2.      Timeliness of Mobile Management's Fiduciary Duty Claim

Under New York law, a plaintiff complaining of breach of fiduciary duty must file suit within three years if it seeks monetary relief and within six years if it seeks equitable relief. See IDT Corp. v. Morgan Stanley Dean Witter & Co., 12 N.Y.3d 132, 139, 879 N.Y.S.2d 355, 359 (2009); accord Cohen v. S.A.C. Trading Corp., 711 F.3d 353, 361 n.3 (2d Cir. 2013). Mobile Management does not contest the district court's determination that the latest possible date its fiduciary claim could have accrued was January 31, 2007, the date of Saporito's termination, or that it did not file this complaint until June 30, 2011, more than four years later. Rather, it faults the district court's application of a three- rather than six-year limitations period because (1) although the complaint explicitly seeks money damages "in an amount to be proven at trial but believed to exceed $500,000" for the alleged breach, Compl. 18, the claim is, in essence, equitable in seeking "restitution or disgorgement," Appellants' Br. 55; (2) its fiduciary claim should

8

not be severed from other parts of the complaint that seek equitable relief and that the district court held to be timely, see id. at 54–55; and (3) the claim has its genesis in the parties' contractual relationship, warranting application of the six-year statute of limitations, see id. at 56. None of these arguments is availing.

As the First Department recently ruled, "[t]he calculated use of the term 'disgorgement' instead of other equally applicable terms such as repayment, recoupment, refund, or reimbursement, should not be permitted to distort the nature of [a breach of fiduciary duty] claim so as to expand the applicable limitations period from three years to six." Access Point Med., LLC v. Mandell, 106 A.D.3d 40, 44, 963 N.Y.S.2d 44, 47 (1st Dep't 2013); see also IDT Corp. v. Morgan Stanley Dean Witter & Co., 12 N.Y.3d at 139–40, 879 N.Y.S.2d at 359 (applying three-year limitations period to breach of fiduciary claim where plaintiff primarily sought damages and equitable relief sought, "including the disgorgement of profits, [was] incidental to that relief"). Thus, Mobile Management cannot transform an untimely fiduciary duty claim into a timely one by placing an equitable label on its pleaded request for money damages.

Mobile Management's second point merits even less discussion as the equitable claims it references are all brought by Lia, not Mobile Management, and arise out of 2003 and 2006 agreements to which Mobile Management was not a party. Cf. DiBartolo v. Battery Place Assoc., 84 A.D.3d 474, 475–76, 922 N.Y.S.2d 357, 358 (1st Dep't 2011) (holding six-year limitations period applicable to breach of fiduciary duty where same plaintiffs sought both equitable relief and damages for single wrong, alleged

9

mishandling of escrow account).

Finally, <u>Walling v. Hollman</u>, 858 F.2d 79 (2d Cir. 1988), does not support Mobile Management's third argument, because the plaintiff in that case brought claims for breach of contract and conversion related to the property at issue, <u>id.</u> at 81. It was in that context that the court held that because the action "had its genesis in a contractual relationship," the plaintiff had the option to elect a contractual remedy under the lease that would be subject to the six-year statute of limitations for contract claims. <u>Id.</u> at 83 (alterations and internal quotation marks omitted). Mobile Management does not bring a claim for breach of contract against Saporito, nor can its breach of fiduciary duty claim plausibly be construed to have its genesis in any employment contract with Saporito.

Accordingly, the district court correctly applied a three-year limitations period to Mobile Management's breach of fiduciary duty claim against Saporito, and correctly concluded that that claim, filed on June 30, 2011, had to be dismissed as untimely.

We have considered plaintiffs' remaining arguments and reject them as without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

10