13-1983-cv
*W&D Imports, Inc. v. Lia et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

W&D IMPORTS, INC. d/b/a WILLIS HONDA and DAVID DAVIS,

> *Plaintiffs-Appellants,*

> -v.-                                                                  No. 13-1983-cv

DON LIA, MOBILE MANAGEMENT, LLC, N.R. AUTOMOTIVE, INC., MICHAEL SAPORITO, JESSIE ARMSTEAD, ALLSTAR MOTORS OF L.I. INC., ALL STAR MOTORS, LLC, d/b/a HAMILTON HONDA, AMERICAN HONDA MOTOR CO., INC. DOES 1-7,

> *Defendants-Appellees.* *

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

**FOR PLAINTIFFS-APPELLANTS:**    RUSSELL P. MCRORY, Robinson Brog Leinwand Greene Genovese & Gluck, P.C., New York, NY; Bressler, Amery & Ross, P.C., Florham Park, NJ.

**FOR DEFENDANT-APPELLEE AMERICAN HONDA MOTOR CO., INC.:**    FELICIA H. ELLSWORTH (Robert D. Cultice, Elizabeth C. Mooney, *on the brief*), Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA.

**FOR DEFENDANTS-APPELLEES DON LIA, MOBILE MANAGEMENT, LLC AND N.R. AUTOMOTIVE, INC.**    HERVÉ GOURAIGE, Sills Cummis & Gross, P.C., New York, NY.

**FOR DEFENDANTS-APPELLEES MICHAEL SAPORITO ALL STAR MOTORS OF L.I., INC. AND ALL STAR MOTORS, LLC D/B/A HAMILTON HONDA**    FRANCIS X. RILEY III (Michael Rowan, *on the brief*), Saul Ewing LLP, Princeton, NJ.

**FOR DEFENDANT-APPELLEE JESSIE ARMSTEAD**    ANDREW PAUL COOPER, Davidoff Hutcher & Citron LLP, Garden City, NY.

Appeal from the April 23, 2013 judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 23, 2013 judgment of the District Court be **AFFIRMED**.

Plaintiffs-Appellants W&D Imports, Inc. d/b/a Willis Honda and David Davis (together "Willis") appeal from the April 23, 2013 judgment of the District Court dismissing all of Willis's claims against American Honda Motor Co., Inc. ("American Honda"), as well as his claims against Allstar Motors of L.I., Inc., Allstar Motors LLC, d/b/a Hamilton Honda (together "All Star"), Don Lia, Mobile Management, LLC, N.R. Automotive Inc., Michael Saporito, and Jessie Armstead (jointly the "RICO defendants"). We assume familiarity with the factual and procedural history and the issues on appeal, and repeat only those details necessary to the resolution of this appeal.

## BACKGROUND

In the early 1990s, Willis learned that American Honda was considering establishing a dealership in Hamilton, New Jersey, which was within the "relevant market area" ("RMA") of

Willis's dealership in Burlington, New Jersey.[1] Willis proposed relocating its own dealership to Hamilton, which American Honda ultimately rejected. On November 9, 2004, American Honda notified Willis that it intended to establish the Hamilton dealership with All Star, an entity purportedly 51% controlled by Armstead, an African-American former football star, and 49% controlled by Saporito.

In response, Willis filed an administrative protest with the New Jersey Motor Vehicle Franchise Committee (the "Franchise Committee"), in accordance with the New Jersey Franchise Practices Act (the "Franchise Act"). *See* N.J. STAT. 56:10 §§ 16-29. Willis principally sought an order prohibiting American Honda from granting All Star the Hamilton dealership on the grounds that the Hamilton dealership would "seriously endanger the profitability and viability" of Willis Honda, and that Don Lia, not Armstead, was the *de facto* owner of All Star. All Star's true ownership was relevant largely because Armstead is black and the Franchise Act provides that the presumption of injury ordinarily accorded to dealers protesting encroachment on their RMA does not apply when the proposed franchisee is a minority applicant. *See id.* § 23(c).

The Administrative Law Judge ("ALJ") assigned to the case oversaw lengthy discovery, including depositions and expert reports, and held a 12-day evidentiary hearing at which ten witnesses testified and over 200 exhibits were admitted (the "Administrative Proceeding"). On April 12, 2006, the ALJ issued a decision (the "Administrative Decision") concluding, in relevant part, that American Honda had followed the proper procedures in deciding to permit All Star to open a dealership in Hamilton, and that the establishment of the dealership was "not injurious to Willis or to the public interest." App'x 152. The ALJ stated that, although a protesting dealer is, in certain circumstances, entitled to a presumption of injury when a new dealer is established in the RMA, N.J. STAT. 56:10 § 23(b), Willis had not established that, in these circumstances, it was eligible for that presumption.[2] Thus, the minority applicant exception to the presumption of injury, *id.* § 56:10-23(c), was unnecessary to the determination that the All Star dealership was not injurious to Willis or to the public interest.

On review, the Franchise Committee adopted the ALJ's "decision dismissing the petitioner's protest." App'x 125. The Appellate Division of the New Jersey Superior Court affirmed. In so doing, it concluded that it "need not address Armstead's status as a minority owner" because the

---

[1] The New Jersey Franchise Practices Act "prohibits a franchisor from granting a new franchise if it would cause injury to an existing franchisee or to the public," and "requires a franchisor to give existing franchisees in the same line make within the relevant market area 90 days' advance written notice of its intention to grant . . . a franchise of the same line make" after which "an aggrieved franchisee may file a protest with the New Jersey Motor Vehicle Franchise Committee." *W & D Imports, Inc. v. Lia*, 11-cv-4144 (SJF) 2013 WL 1750892 (E.D.N.Y. Apr. 22, 2013). *See also* N.J. STAT. 56:10 §§ 16-29.

[2] Willis does not contest this particular finding on appeal.

Franchise Committee "accepted the ALJ's well-ground conclusion that . . . [Willis] would not qualify for a presumption [of injury] . . . even if N.J. [STAT.] 56:10 § 23(c) did not apply."[3] *W & D Imports, Inc. v. Am. Honda Motor Co. Inc.*, 2008 WL 281576 at *10 (N.J. Super. Ct. App. Div. Feb.4, 2008) (first and second alterations in original).

On July 6, 2011, Don Lia sued Saporito and Armstead alleging, contrary to his deposition testimony in the Administrative Proceeding, that he owned a majority stake in All Star. *Lia v. Saporito*, 909 F. Supp. 2d 149 (E.D.N.Y. 2012), *aff'd* 541 Fed App'x 71 (2d Cir. 2013). Judge Feuerstein held that he was judicially estopped from asserting ownership of All Star based on his testimony in the Administrative Proceeding, which the ALJ had credited. *Id.* at 178-79. In response, on August 25, 2011, Willis commenced this action contesting American Honda's decision to award the Hamilton dealership to All Star. Willis asserts various common law claims against American Honda. Against the RICO defendants, Willis claims: (1) violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c),(d); (2) RICO's New Jersey counterpart, N.J. STAT. 2C:41-2(c),(d); (3) tortious interference with present and prospective economic advantage; and (4) equitable estoppel. The District Court dismissed Willis's claims against all defendants.

## DISCUSSION

On appeal, Willis contends that the District Court erred in dismissing the claims against American Honda on grounds of collateral estoppel because the Administrative Decision lacked adequate procedural and substantive safeguards. Willis also appeals the decision to dismiss its claims against the RICO defendants for failure to allege a pattern of racketeering activity.

### A. American Honda

We review a district court's application of collateral estoppel (also known as issue preclusion) *de novo,* accepting all factual findings unless clearly erroneous. *Chartier v. Marlin Mgmt., LLC*, 202 F.3d 89, 93 (2d Cir. 2000). Collateral estoppel bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *New Hampshire v. Maine,* 532 U.S. 742, 748–49 (2001). We "give preclusive effect to state-court judgments whenever the courts of the State from which the judgment emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Under New Jersey law the party asserting collateral estoppel must show that:

(1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior

---

[3] The New Jersey Supreme Court denied Willis's petition for further review. *W & D Imports, Inc. v. Am. Honda Motors, Inc.*, 949 A.2d 849 (N.J. 2008).

4

proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*First Union Nat. Bank v. Penn Salem Marina, Inc.*, 921 A.2d 417, 424 (N.J. 2007).[4] Judgments of administrative tribunals "on identical issues may form the basis for application of the doctrine of collateral estoppel so long as they are rendered in proceedings [that] provide significant procedural and substantive safeguards, similar to those that are provided to litigants in courts of law." *Winters v. N. Hudson Reg'l Fire & Rescue*, 50 A.3d 649, 660-61 (N.J. 2012) (internal quotation marks omitted).

On appeal, Willis argues that: (1) the Administrative Proceeding did not provide adequate procedural and substantive safeguards and, accordingly, the issues were not fully and fairly litigated; (2) the material facts alleged in the two proceedings were not the same—in particular, Willis alleges that Lia lied during the Administrative Proceeding about his ownership interest in All Star; and (3) the theories of recovery in this proceeding are different from those raised in the Administrative Proceeding. Appellants' Br. 21. We agree with the District Court that "[t]he ALJ's decision demonstrates that the factual allegations forming the basis for each of plaintiffs' claims against American Honda were fully litigated in the New Jersey administrative proceeding." Special App'x 20. In particular, "[t]he sufficiency of the selection process and American Honda's basis for the selection of All Star . . . were addressed at length . . . and the findings were reviewed and affirmed by [*inter alia*, the New Jersey Appellate Division]."[5] *Id.*

Willis's argument that Lia's alleged perjury regarding his ownership of All Star renders inappropriate the application of collateral estoppel is without merit. As the District Court acknowledged, All Star's minority ownership was not necessary to the determination, by the ALJ or the reviewing court, that Willis's claims against American Honda failed. *See Shammas v. Shammas*, 88 A.2d 204, 208 (N.J. 1952) ("Perjured testimony that warrants disturbance of a final judgment must be shown by clear, convincing and satisfactory evidence to have been . . . material to the issue tried and not merely cumulative but probably to have controlled the result."). In sum, we conclude, for

---

[4] This Circuit's requirements for issue preclusion are similar: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity for litigation in the prior proceeding, and (4) the issues previously litigated were necessary to support a valid and final judgment on the merits." *NML Capital, Ltd. v. Banco Cent. de la Republica Argentina*, 652 F.3d 172, 185 (2d Cir. 2011).

[5] Willis's argument that collateral estoppel should not apply because its theory of recovery in this action is different from the recovery sought in the administrative proceeding conflates issue preclusion with claim preclusion. Collateral estoppel, or issue preclusion, can bar litigation of claims involving different theories of recovery as long as the *issues* underlying those claims were the same. As the District Court correctly noted, the theory of recovery is but one factor in considering whether issues are identical for the purposes of collateral estoppel. App'x 899.

the reasons stated above and by the District Court, that the claims against American Honda were properly dismissed on collateral estoppel grounds.[6]

## B. RICO Defendants

We review *de novo* a district court's Rule 12(b)(6) dismissal of a civil RICO complaint, affirming where "it is clear that no relief could be granted under any set of facts that could be proved consistent with plaintiff[s'] allegations." *Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 380 (2d Cir. 2001) (internal quotation marks and alterations omitted). A civil RICO claim requires: "(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity," as well as "injury to business or property as a result of the RICO violation." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (internal quotation marks omitted). The District Court dismissed the RICO claims for failure to establish that the alleged acts "amount[ed] to or pose[d] a threat of continuing activity," as required to show a pattern of racketeering under RICO. *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008).

The continuing criminal activity requirement can be established through a "closed-ended pattern . . . of related predicate acts extending over a substantial period of time," or an "open-ended pattern of racketeering activity that poses a threat of continuing criminal conduct beyond the period during which the predicate acts were performed." *Id.* (internal quotation marks omitted). We agree that plaintiffs have failed to establish either a closed-ended or open-ended pattern of racketeering.

Willis asserts that it established an open-ended pattern by showing that although "the enterprise primarily conducts a legitimate business," the "nature of the predicate acts themselves implies a threat of continued criminal activity." *Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*, 187 F.3d 229, 243 (2d Cir. 1999). But the alleged predicate acts all relate to the "finite goal of gaining . . . approval of the All Star application for the Hamilton dealership." *W & D Imports, Inc. v. Lia*, No. 11-cv-4144, 2013 WL 1750892 at *7 (E.D.N.Y. Apr. 22, 2013) As the District Court correctly concluded, these acts do not imply a threat of continued criminal activity in the operation of the Hamilton dealership.

Willis also fails to establish a so-called closed-ended pattern in the form of "a series of related predicates extending over a substantial period of time." *De Falco v. Bernas*, 244 F.3d 286, 321 (2d Cir. 2001). As Willis acknowledges, a "substantial period of time" is at least two years, *id.*, and the "Complaint [only] identified . . . acts . . . over a one and a half year period, between early 2003 and the end of 2004," Appellants' Br. 34. Bare allegations that such acts *must have* continued beyond 2004 are insufficient to plausibly allege a closed-ended pattern.

---

[6] We need not address American Honda's arguments for dismissal based on res judicata, the *Rooker-Feldman* doctrine or failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

In sum, Willis failed to plead a pattern of racketeering as required to state a civil RICO claim.

## CONCLUSION

We have reviewed Willis's arguments on appeal and, for the reasons set out above, we **AFFIRM** the April 23, 2013 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court