Edgar F. Hazleton, S.
In this proceeding, the petitioner who alleges that she is a creditor of decedent, seeks to compel payment of her claim. The purported basis for the claim is an agreement alleged to have been entered into between petitioner and decedent, who was her son, and with another son, still living, whereby in consideration of the conveyance of certain real property, the decedent undertook jointly with his brother to pay to petitioner weekly payments for her support *408 and monthly payments for the rent of her abode, said payments to continue during her lifetime. Subsequently, the brothers leased the property to a tenant under a long-term lease, the monthly rental being received by the brothers who shared the net thereof equally.
It appears that payments were made in accordance with said agreement until the death of decedent; that since then, only half of the payments have been made by the surviving son. Petitioner seeks payment of the other half from the administratrix of this estate, requesting: (1) that the arrears accumulated since decedent’s death be paid in a lump sum, (2) that the weekly payments be continued in the future and during her lifetime, and (3) that a trust be impressed against the real property and the lease afore-mentioned to secure such future payments.
It seems clear from the evidence that the agreement in question was entered into between petitioner and decedent, and that certain arrears under said agreement have accumulated. The only opposition offered pertains to the competency of the proof submitted to establish said agreement. I find such proof as offered to be properly admissible and also sufficient to establish the agreement which is uncontradicted.
As a part of the relief sought in this proceeding, petitioner requests that a trust be impressed against the share of the decedent in the real property in question and the lease executed with the tenant of said property. That this court has the equitable jurisdiction empowering it to entertain the application for such relief seems clear. (Matter of McArdle, 140 Misc. 257; Matter of Van Muffling, 154 Misc. 300.) Petitioner and decedent were mother and son. By virtue thereof, a relationship of confidence and trust existed between them. Where an abuse of such relationship is shown, the granting of the equitable relief here sought would be justified. However, the proof indicates that the decedent made payments under said agreement during his lifetime, and that the administratrix has set aside said payments pending a determination of the validity of petitioner’s claim. The agreement itself made no provision for securing future payments by way of a lien against the property and the lease, either in the nature of a trust or otherwise. Accordingly, I hold that the equitable relief sought in this proceeding to impress a trust against decedent’s share of the property and the lease should be rejected.
The claim of the petitioner for payments as prayed for in the petition is hereby allowed.
Submit decree accordingly on notice.