■ CYNTHIA DIBARTOLO et al., Respondents-Appellants, v BATTERY PLACE ASSOCIATES, Now Doing Business as BATTERY PLACE ASSOCIATES LLC, et al., Appellants-Respondents. [922 NYS2d 357]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered October 4, 2010, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion as to the first cause of action for specific performance, and otherwise affirmed, without costs.

Plaintiffs Cynthia DiBartolo and John E. Purpura entered into a contract for the purchase of a condominium unit from defendant Battery Place Associates, now doing business as Battery Place Associates LLC (BPA). In connection therewith, plaintiffs made a down payment, which was held in an escrow account under defendant Robert R. Lewis's control. The closing on the unit was originally noticed by BPA for July 22, 1991 and thereafter adjourned on multiple occasions. In a prior action, brought against BPA and others, plaintiffs sought rescission of the contract and obtained an interim stay of the March 1992 closing date. Thereafter, the parties to the prior action stipulated to a stay of the closing and in January 1993 the action was dismissed, which dismissal was not on the merits.

In October 2006, plaintiffs commenced this action seeking specific performance and damages arising out of the contract, and relief and damages against both defendants in connection with the handling of the escrow account. By order, entered March 11, 2008, the court (Barbara R. Kapnick, J.) granted defendants' pre-answer motion to dismiss the complaint, to the extent of dismissing as time-barred the portions of the second and third causes of action that sought, or could be deemed to seek, a return of the down payment, and dismissing those portions of the fourth cause of action, for breach of contract and fiduciary duty, which alleged statutory and regulatory violations.

The court properly found that the adjourned closing dates, which failed to identify a time or place for the closing, were not "time of the essence" dates. Thus, plaintiffs were required to show only that they were "ready, willing and able" to close within a reasonable time (*Gindi v Intertrade Internationale Ltd.*, 50 AD3d 575, 575 [2008]). The record is devoid of evidence that plaintiffs tried to protect their rights or enforce the contract between the January 1993 dismissal of the prior action and July 1999, when DiBartolo discussed her demand for rescission with Lewis. As a matter of law (*see Hegeman v Bedford*, 5 AD3d 632 [2004]), this unexplained delay in tendering performance is unreasonable and, in the absence of a timely tender of performance or readiness and willingness to go forward with the closing, the claim for specific performance should have been dismissed (*see Contro v White*, 176 AD2d 1052 [1991]). Plaintiffs'

unequivocal demand for rescission, which persisted until plaintiffs requested a closing in November 2000, negates a finding of willingness and ability to close on the original or adjourned closing dates or a reasonable time thereafter (*see Kabro PM, LLC v WGB Main St., LLC*, 52 AD3d 659 [2008], *lv denied* 12 NY3d 701 [2009]; *Stadtmauer v Brel Assoc. IV*, 270 AD2d 59 [2000]).

The court properly denied defendants' motion to the extent that they sought dismissal of the remaining portions of the fourth cause of action alleging breaches of contract and fiduciary duty in connection with the handling of the escrow account. As the court found, and defendants do not dispute, triable issues of fact exist with respect to those claims. However, to the extent that the order appealed from can be construed to limit plaintiffs' right to relief on the cause of action to equitable relief, such limitation would be unwarranted. Where, as here, a suit alleging breach of fiduciary duty seeks both equitable relief and money damages, a six-year statute of limitations applies (*see generally Kaufman v Cohen*, 307 AD2d 113, 118 [2003] ["where suits alleging a breach of fiduciary duty seek *only money* damages, . . . a three-year statute of limitations applies" (emphasis added)]). Accordingly, plaintiffs' claim for monetary relief was timely. In any event, even if a three-year statute of limitations applies to the monetary facet of plaintiff's fourth cause of action, given the absence of a clear repudiation, defendants have failed to make a prima facie showing that the statute of limitations has begun to run (*see Matter of Barabash*, 31 NY2d 76, 81 [1972]), or that they were not equitably estopped from evoking the statute of limitations (*cf. Kaufman*, 307 AD2d at 122).

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Acosta, DeGrasse and Román, JJ.