Homapour v Harounian (2020 NY Slip Op 02179)





Homapour v Harounian


2020 NY Slip Op 02179


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Renwick, J.P., Richter, Mazzarelli, Singh, JJ.


653795/15 11345 11344

[*1]Mehrnaz Nancy Homapour, etc., Plaintiff-Appellant,
v
Mark Harounian, et al., Defendants-Respondents, Orange & Blue LLC, et al., Defendants.
Mehrnaz Homapour, et al., Plaintiffs-Respondents-Appellants,
v
3M Properties, et al., Defendants,Alexander Seligson, et al., Defendants-Appellants-Respondents.


Oved & Oved LLP, New York (James T. Reilly of counsel), for appellant and respondents-appellants.
Rivkin Radler LLP, Uniondale (Cheryl F. Korman of counsel), for appellants-respondents.
Pryor Cashman LLP, New York (William L. Charron of counsel), for respondents.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered December 5, 2018, which, to the extent appealed from as limited by the briefs, granted defendants Mark Harounian, the Family LLCs, and the Harounian LLCs' CPLR 3211(a) motion to dismiss certain derivative claims for breach of fiduciary duty and waste brought on behalf of the 16 Family LLCs as barred by the three-year statute of limitations, the derivative claim for a constructive trust against Harounian and the Harounian LLCs, and the part of the derivative unjust enrichment claim seeking a declaration that "the Family LLCs are entitled to a pro rata ownership interest in the real estate that Harounian purchased," and granted defendants Seligson Rothman & Rothman and Alexander Seligson's (Seligson defendants) CPLR 3211(a) motion to dismiss 9 of the 16 derivative claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty as barred by the three-year statute of limitations, and otherwise denied the motion, unanimously modified, on the law, to deny Harounian, the Family LLCs, and the Harounian LLCs' motion as to the breach of fiduciary duty and waste claims against Harounian, the constructive trust claim against Harounian and the Harounian LLCs, and to deny the Seligson defendants' motion to dismiss the breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims against them, and otherwise affirmed, without costs.
The derivative causes of action for breach of fiduciary duty and waste brought on behalf of the 16 Family LLCs against defendant Harounian are governed by the six-year statute of limitations. The claims are not fraud-based. However, plaintiff seeks both money damages and equitable relief (see DiBartolo v Battery Place Assoc., 84 AD3d 474, 476 [1st Dept 2011]), i.e., a [*2]constructive trust, an injunction, and an accounting (see Kaufman v Cohen, 307 AD2d 113, 118-119 [1st Dept 2003]). In addition, a six-year statute of limitations applies to derivative claims, because they are "equitable in nature" (Otto v Otto, 110 AD3d 620, 620-621 [1st Dept 2013] [internal quotation marks omitted]; see also Sitt v Sitt, 2015 NY Slip Op 32316[U], *9 [Sup Ct, NY County 2015]). In any event, the "open repudiation" doctrine applies to toll any applicable statute of limitations, because Harounian continues to be in a fiduciary relationship with the Family LLCs (see Otto, 110 AD3d at 621; DiBartolo, 84 AD3d at 476).
The court erred in dismissing the derivative claim for a constructive trust against Harounian and the Harounian LLCs. A constructive trust is an equitable remedy (see Simonds v Simonds, 45 NY2d 233, 241 [1978]), and its purpose is to prevent unjust enrichment (see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]). Accordingly, it may be appropriate to impose a constructive trust in situations "when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest" (id. [internal quotation marks and brackets omitted]). Here, the complaint sufficiently alleges that Harounian misappropriated the Family LLCs' funds to acquire real property for his own personal benefit (which were allegedly owned by the Harounian LLCs) (see Fellner v Morimoto, 52 AD3d 352 [1st Dept 2008]; Schneidman v Tollman, 190 Ad2d 524 [1st Dept 1993]).
The court correctly dismissed the part of the unjust enrichment claim seeking a declaration that "the Family LLCs are entitled to a pro rata ownership interest in the real estate that Harounian purchased" (see General Obligations Law § 5-703[1]). Insofar as plaintiffs argue that the unjust enrichment claims were also "based upon the fact that [Harounian] should not be able to keep for himself assets he purchased with money he fraudulently diverted from the Family LLCs to the exclusion of his partners," the court sustained that part of the claim.
The derivative claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty against the Seligson defendants are governed by the six-year statute of limitations, because, although the claims are not fraud-based, plaintiff seeks both money damages and equitable relief (DiBartolo, 84 AD3d at 476; Kaufman, 307 AD2d at 118-119), and the claims are derivative (Otto, 110 AD3d at 620-621; Sitt, 2015 NY Slip Op. 32316[U] at *9). We note that plaintiffs' reliance on the continuous representation doctrine (see Shumsky v Eisenstein, 96 NY2d 164, 167-168 [2001]) in arguing for a global tolling of the statute of limitations is misplaced, as each Family LLC is a discrete client (see Tiffany Gen. Holding Corp. v Speno, Goldberg, Steingart & Penn, 278 AD2d 306, 308 [2d Dept 2000]). We do not reach plaintiffs' unpreserved argument that issues of fact exist as to the accrual dates.
The Seligson defendants' arguments as to standing are unavailing. Their affidavit and the copies of the agreements attached thereto do not "utterly" refute plaintiffs' claim that they drafted the controlling operating agreements as to all of the Family LLCs (see Goshen v Mut. Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Greenapple v Capital One, N.A., 92 AD3d 548, 550 [1st Dept 2012]).
Accepting plaintiff's allegations as true, and according them the benefit of every possible favorable inference (Leon v Martinez, 84 NY2d 83, 87 [1994]), we find that the complaint adequately states a cause of action for breach of fiduciary duty by alleging that the Seligson defendants, while retained as the Family LLCs' corporate counsel, began acting as attorney for Harounian personally, without so disclosing, and inserted unilateral changes into operating agreements that favored Harounian's personal interests over those of the Family LLCs (see Castellotti v Free, 138 AD3d 198, 209 [1st Dept 2016]).
Similarly, plaintiffs adequately stated a cause of action for aiding and abetting breach of fiduciary duty by alleging that the Seligson defendants assisted Harounian in making unilateral [*3]changes to the operating agreements, and appending her signature pages to those altered agreements, as part of Harounian's scheme to misappropriate funds from the LLCs (see Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 101 [1st Dept 2006], lv denied 8 NY3d 804 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK