Pecora v Pecora (2022 NY Slip Op 02876)

Pecora v Pecora

2022 NY Slip Op 02876

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Gische, J.P., Webber, Friedman, Oing, Kennedy, JJ. 

Index No. 651768/14 Appeal No. 15820 Case No. 2021-02860 

[*1]Frank Pecora et al., Plaintiffs-Respondents,
v
Antonino Pecora et al., Defendants-Appellants, John Does Nos. 1-10, et al., Defendants.

Blank Rome LLP, New York (Michael D. Silverfarb of counsel), for appellants.
Loeb & Loeb LLP, New York (Frank D. D'Angelo of counsel), for respondents.

Order, Supreme Court, New York County (Margaret Chan, J.), entered on or about June 28, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for leave to amend the complaint, unanimously reversed, on the law and the facts, without costs, and the motion denied.
The court should not have granted plaintiffs' motion for leave to amend their complaint. Plaintiffs failed to establish a reasonable excuse for their delay in moving to amend the complaint, as there was an extended period between the date they became aware of the cause of action and the date of their motion (see Oil Heat Inst. of Long Is. Ins. Trust v RMTS Assoc., 4 AD3d 290, 293 [1st Dept 2004]; Heller v Louis Provenzano, Inc., 303 AD2d 20, 23 [1st Dept 2003]). According to an affidavit from plaintiff Frank Pecora, he knew in 2008 that 41West LLC, the entity on whose behalf he asserts derivative claims, planned to sell one of its buildings for around $14.8 million. He further averred in his affidavit that in or around 2011, he learned that defendant Antonino Pecora had agreed to sell the building for around $10.2 million, rather than for the amount originally planned; on April 8, 2011, the building was, in fact, sold for about $10.2 million. Nonetheless, despite their awareness on April 8, 2011 that the building may have been undersold, plaintiffs did not move to amend until March 2021 — almost 10 years after the sale and almost seven years after the commencement of this action in 2014.
Contrary to plaintiffs' contention, expert discovery was not necessary for them to become aware of their claim, as the experts merely calculated damages but did not determine liability. Thus, plaintiffs' delay is properly measured not from the close of expert discovery, but from the date of the sale (see Schwenger v New York Univ., 168 AD3d 443, 444 [1st Dept 2019], lv denied 33 NY3d 903 [2019]; Oil Heat Inst. of Long Is. Ins. Trust, 4 AD3d at 293). Further, that a note of issue had been not filed in this action is of no moment, as we have required an excuse for shorter delays regardless of filing of a note of issue (see e.g. Matter of Spiegel v Kempner, 145 AD3d 505, 506 [1st Dept 2016]; B.B.C.F.D., S.A. v Bank Julius Baer & Co., Ltd., 62 AD3d 425, 425-426 [1st Dept 2009], lv dismissed 13 NY3d 933 [2010]).
Additionally, plaintiffs' delay in moving to amend prejudiced defendants. Documents belonging to the building purchaser were destroyed in 2018 — after this litigation began in 2014 — in keeping with the purchaser's seven-year document retention policy, and would have been available had plaintiffs interposed their proposed claim in 2014, when they commenced the action. The delay has therefore hindered defendants in establishing defenses to the new claim (see Heller, 303 AD2d at 23; Chemicraft Corp. v Honeywell Protection Servs., 161 AD2d 250, 251 [1st Dept 1990]).
Finally, the proposed amendment is palpably lacking in merit because the claim is time-barred ([*2]see Panasia Estate, Inc. v Broche, 89 AD3d 498, 498 [1st Dept 2011]). Even if a six-year statute of limitations applies (see Homapour v Harounian, 182 AD3d 426, 427 [1st Dept 2020]), the deadline for commencing the claim would be April 7, 2017. The amendment was first sought in 2021. The claim did not relate back to the filing of the original complaint. Although the original allegation against Antonino Pecora — that he stole money from the companies he owned jointly with Frank Pecora — included stealing monies that were realized from the sale of the property, there are no allegations that the property should have been sold for more money. The original allegations did not put defendant on notice that he would later be sued for causing 41 West LLC to sell its property for less than it was worth (CPLR 203[f]; see Wright v Emigrant Sav. Bank, 112 AD3d 401, 402 [1st Dept 2013]). In any event, amendment and relation back would be improper because of the prejudice to defendants (see O'Halloran v Metropolitan Transp. Auth., 154 AD3d 83, 87 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022