| |
|---|
| **Nyeu v Fong-Yee Nyeu** |
| 2024 NY Slip Op 31137(U) |
| April 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155350/2021 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. PAUL A. GOETZ**           **PART**        **47**

*Justice*

-------------------------------------------------------------------------------X

LINCOLN T.K. NYEU,

                 Plaintiff,

           - v -

FONG-YEE NYEU, FONG-MING NYEU, KATHRYN NYEU,
JOHN DOE, JANE DOE

                 Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155350/2021 |
| **MOTION DATE** | 10/02/2023 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148

were read on this motion to/for        SUMMARY JUDGMENT(AFTER JOINDER    .

      This action arises from a dispute between plaintiff and defendants over the purchase, ownership and management of a condominium unit located at 201 West 72nd Street Apartment 17H, New York, New York, 10023 ("Condominium"). The Condominium is owned by plaintiff, Lincoln T.K. Nyeu's two nieces defendants Fong-Yee Nyeu and Fong-Ming Nyeu (NYSCEF Doc No 1). Plaintiff's four causes of action are for 1) Imposition of a Constructive Trust; 2) a Declaratory Judgement as to Ownership of the Condominium ; 3) Sale and Partition; and 4) Attorney's Fees. Defendants have three counterclaims for 1) Accounting; 2) Breach of Fiduciary Duties; and 3) Unjust Enrichment. Defendants now move for summary judgment pursuant to CPLR § 3212 dismissing the complaint and to cancel the notice of pendency filed against the Condominium (NYSCEF Doc No 81). Plaintiff cross moves for summary judgment pursuant to CPLR § 3212 on his four causes of action and for summary judgment dismissing defendants' counterclaims.

**155350/2021 NYEU, LINCOLN T.K. vs. NYEU, FONG-YEE ET AL**
**Motion No. 003**

**Page 1 of 11**

1 of 11

[* 1]

## BACKGROUND

According to plaintiff in 1990 plaintiff's father, Chang-Yao Nyeu, upon his death bequest an approximate sum of $300,000 (the "Fund") to plaintiff and his two siblings, defendant Kathryn Nyeu, and Martin T. C. Nyeu (*id.*). The money was allegedly intended to be used by the siblings for the education of their children (*id.*). Plaintiff alleges that the siblings invested the money and it eventually grew to over $600,000 which was in a Credit Suisse Private Bank Account titled to Lincoln, Kathryn, and Martin jointly (*id.* at ¶ 11). Defendant Kathryn Nyeu claims to have no knowledge of the money left to her and her siblings. She also denies knowledge of the Credit Suisse bank account or of any alleged agreements among the siblings regarding the use of the money in this account.

Plaintiff alleges that in 2000, the siblings agreed to allow Martin to use the inheritance to purchase the Condominium so Martin's daughter defendant Fong-Yee Nyeu would have a place to live while she attended graduate school at Columbia University (NYSCEF Doc No. 1 at ¶ 12 and 35). Plaintiff alleges that because Martin did not want to complicate his tax issues, and because none of the siblings lived in New York the siblings agreed to put the deed in the names of Martin's daughters Fong-Yee Nyeu and Fong-Ming Nyeu. (*id.* at ¶ 13-14) Plaintiff alleges that in exchange for agreeing to the purchase the siblings agreed they would all be a one third owners of the property. In his deposition plaintiff alleges that while the siblings did not produce any writings in accordance with this agreement that the understanding among them was that any purchase made using the Fund would be owned by the siblings in equal parts (NYSCEF Doc No 85 at 158:25 – 169:11) Kathryn Nyeu denies that this agreement was ever made and does not claim to have an ownership interest in the Condominium (NYSCEF Doc No 98 at 38:11-14).

**155350/2021   NYEU, LINCOLN T.K. vs. NYEU, FONG-YEE ET AL**
**Motion No.  003**

**Page 2 of 11**

2 of 11

In 2006, Fong-Yee finished her studies at Columbia and vacated the Condominium . That same year a power of attorney was executed giving plaintiff and his daughter, Fon-Lin Nyeu, authority to manage the Condominium (NYSCEF Doc No 94 ¶ 69). From the years 2005 – 2021, plaintiff and Fon-Lin collected rent, paid for repairs and maintenance, and made tax payments for the Condominium (*id*. at 82). After Martin's death in 2018, plaintiff requested that Fong-Ming and Fong-Yee transfer the deed of the Condominium to him (*id*. at ¶ 88 – 92). On September 14, 2021, Fong-Yee and Fong-Ming revoked the power of attorney issued to plaintiff and Fon-Lin (*id*. at ¶ 93).

## Constructive Trust

Defendants move for summary judgment dismissing plaintiff's first cause of action to impose a constructive trust on the Condominium. Plaintiff cross moves for summary judgment on the same cause of action. Plaintiff argues that imposing a constructive trust would be appropriate because he contributed a substantial amount of money to the purchase of the Condominium and relied on Martin's promise that the Fund would be replenished. Since, Martin died without replenishing the Fund, plaintiff contends that a constructive trust would be an equitable remedy to prevent the unjust enrichment of defendants. Defendants dispute plaintiff's contention that he was promised an ownership interest in the Condominium and argue that a constructive trust would grant plaintiff an interest in the Condominium to which he is not entitled.

"[I]t may be appropriate to impose a constructive trust in situations when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest" (*Homapour v Harounian*, 182 AD3d 426, 427 [1st Dept 2020]). "The elements necessary for the imposition of a constructive trust are a confidential or fiduciary

**155350/2021   NYEU, LINCOLN T.K. vs. NYEU, FONG-YEE ET AL**
**Motion No.  003**

**Page 3 of 11**

3 of 11

[* 3]

relationship, a promise, a transfer in reliance thereon, and unjust enrichment (*Abacus Fed. Sav. Bank v Lim*, 75 AD3d 472, 473 [1st Dept 2010]). However, "courts have observed that a constructive trust may be imposed even where some of these traditional elements are not present" (*ELM Suspension Sys., Inc. v 45 E. 33rd St. Condominium minium*, 201 AD3d 498, 499 [1st Dept 2022]). "[T]hese factors, or elements, serve only as a guideline … because the constructive trust doctrine is given broad scope to respond to all human implications of a transaction in order to give expression to the conscience of equity and to satisfy the demands of justice" (*Sanxhaku v Margetis*, 151 AD3d 778, 779 [2d Dept 2017]). Therefore, all the factors must be examined without any one being dispositive.

*Confidential Relationship*

Here, plaintiff alleges that he and his brother Martin had a confidential or fiduciary relationship with respect to the Fund that their father allegedly left to them. "A confidential relationship exists between two parties where they ... deal on unequal terms due to one party's weakness, dependence or trust justifiably reposed upon the other" (*Matter of Neumann*, 210 AD3d 492, 493 [1st Dept 2022]). A confidential relationship often exists in familial relationships, considering the trust close family members have in one another (*Rowe v Kingston*, 94 AD3d 852, 853 [2d Dept 2012]; *see also In re Wicks' Estate*, 7 Misc 2d 407, 408 [Sur Ct 1957] ["By virtue [of familial relationship], a relationship of confidence and trust existed between them"]). Considering the siblings' relationship and the alleged common purpose of the Fund, which the siblings purportedly agreed that they had a duty to replenish, a confidential relationship could very well have existed between Martin and Lincoln.

While Fong-Yee Nyeu and Fong-Ming Nyeu did not have an interest in the Fund, when "a relationship of trust and confidence [exists] between the parties … the defendant must be

**155350/2021   NYEU, LINCOLN T.K. vs. NYEU, FONG-YEE ET AL**
**Motion No.  003**

**Page 4 of 11**

charged with an obligation not to abuse the trust and confidence placed in her by the plaintiff" (*Sharp v Kosmalski*, 40 NY2d 119, 122 [1976]). Defendants admit in their answer that a confidential and fiduciary relationship exists among the parties based on their familial relationship and that plaintiff had power of attorney over the Condominium from 2006 until 2021 (NYSCEF Doc No 117).

*Promise*

"Even without an express promise … courts of equity have imposed a constructive trust upon property transferred in reliance upon a confidential relationship" (*Sharp v Kosmalski*, 40 NY2d 119, 122 [1976]). "A promise may be implied or inferred from the very transaction itself" (*id.*). As proof of the existence of this promise plaintiff submits a letter written from Martin in which he states:

> If I use the Boston house as collateral to pay for the New York house, after completing the paperwork *I can repay our parents' fund or your money*. Also, after getting the deed for the New York house I can apply for a loan. This is my rough idea. I still don't know how much money will be lacking after November 7, but if you agree I can borrow more, I will propose another plan.

(NYSCEF Doc No 131). CPLR § 4519 known as the "Dead Man's Statute" prevents a person from testifying on conversations they had with a deceased person if the content of that conversation is being presented as evidence to support a claim on property that would be transferred to the testifying party. While, "The Dead Man's Statute does not, by its terms, prohibit the introduction of documentary evidence" the document must still be authenticated by a non-interested party (*Acevedo v Audubon Mgt., Inc.*, 280 AD2d 91, 95 [1st Dept 2001]). While the spouse of a person with a property claim is not barred from testifying or authenticating documentary evidence, their testimony should be "scrutinized carefully [due to] the interest which the witness had in the outcome of the controversy" (*In re Block's Estate*, 258 AD 342, 345

**155350/2021  NYEU, LINCOLN T.K. vs. NYEU, FONG-YEE ET AL**
**Motion No.  003**

**Page 5 of 11**

INDEX NO. 155350/2021

RECEIVED NYSCEF: 04/05/2024

[1st Dept 1940]). Here, the letter was authenticated by Tzih L. Nyeu, plaintiff's wife (NYSCEF Doc No 139).

In addition to the letter, plaintiff offers his own testimony that there was an agreement as to the purpose of the account, and that there was a mutual understanding between plaintiff and Martin that if funds from the account were used, they would be replenished (NYSCEF Doc No 142 at 13). However, defendants offer an affidavit by Kathryn Nyeu, in which she states that she was not aware of an account left to her and her brothers by their parents, nor was she aware of an agreement among the siblings about the money plaintiff alleges was withdrawn from the account to purchase the Condominium (NYSCEF Doc No 124 ¶ 5 – 12). It also must be noted that Martin does not promise in the letter purportedly written by him that plaintiff will have an ownership interest in the Condominium. Rather, the promise was that the Fund would be replenished at a later date.

*Transfer in Reliance*

In addition to showing proof of the promise itself, plaintiff must also prove that a transfer of property was made in reliance on that promise (*Abacus*, 75 AD3d at 473). Defendants argue that this element cannot be met because plaintiff never had an interest in the property prior to obtaining a promise from Martin. Defendants rely on *Bontecou v Goldman*, where the Second Department stated:

> In order to establish that there was a transfer in reliance on the promise, it must be shown that the party seeking to impose the constructive trust had some interest in the property prior to obtaining the promise that the property would be conveyed, and that this interest was parted with in reliance on the promise.

(*Bontecou v Goldman*, 103 AD2d 732, 733 [2d Dept 1984]).

**155350/2021 NYEU, LINCOLN T.K. vs. NYEU, FONG-YEE ET AL**
**Motion No. 003**

**Page 6 of 11**

[* 6]

However, the facts in *Bontecou* differ significantly from the case here. In *Bontecou* plaintiffs sought the imposition of a constructive trust over a parcel of land that was purchased by defendants without any financial contribution by plaintiffs (*id*. at 732). Plaintiffs in *Bontecou* argued that they relied on a promise by defendants that after defendants purchased the property they would later convey a portion of the property to plaintiffs (*id*.).

In contrast, here plaintiff alleges that the Condominium was purchased with funds which plaintiff only agreed to provide based upon Martin's promise that he would replenish the Fund. The instant case is more similar to *Kohan v Nehmadi* where a constructive trust was imposed when, "plaintiff claim[ed] that defendants promised him an interest in certain real property, that he had made payments and expended monies in reliance of that promise, that defendants were unjustly enriched at plaintiff's expense, given that certain conveyances transferred less property to him than what he claims he was promised" (*Kohan v Nehmadi*, 130 AD3d 429, 430 [1st Dept 2015]).

As in this case the plaintiffs in *Kohan* did not have an interest in the property prior to making payments to the defendants, however the court still found a constructive trust appropriate because they did contribute money in reliance on a promise that they would receive an interest in the property. However, as noted above, the promise which plaintiff allegedly relied on was not for an ownership stake in the apartment, but rather that the money withdrawn from the account would eventually be paid back.

*Unjust Enrichment*

As to the factor of unjust enrichment, a party must show "(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (*Marini v Lombardo*, 79 AD3d

155350/2021   NYEU, LINCOLN T.K. vs. NYEU, FONG-YEE ET AL
Motion No.  003

Page 7 of 11

7 of 11

[* 7]

932, 934 [2d Dept 2010]). "A person may be deemed to be unjustly enriched if he (or she) has received a benefit, the retention of which would be unjust" (*Sharp*, 40 NY2d at 123). "A conclusion that one has been unjustly enriched is essentially a legal inference drawn from the circumstances surrounding the transfer of property and the relationship of the parties" (*id.*).

Here, whether defendants were unjustly enriched depends upon the understanding among the parties regarding the purchase and management of the Condominium. Plaintiff alleges that defendants were aware that the Condominium was a family asset that was to be shared by him and his two siblings which is why he agreed to release funds to purchase it. If plaintiff's account is accurate then defendants may have been unjustly enriched. However, if defendants' contention is accurate and the Condominium was purchased for Fon-Yee and Fon-Ming by Martin, then they would not have been unjustly enriched at plaintiff's expense.

*Consideration of the Factors*

As no one factor is dispositive when considering the imposition of a constructive trust, all the factors must be considered. Neither plaintiff nor defendants have established a *prima facie* showing that a constructive trust should or should not be imposed. Since there is a dispute as to the nature of the transfer of money from the Fund to Martin, the credibility of the parties is the critical factor in resolving these issues. "It is not the function of a court deciding a summary judgment motion to make credibility determinations" (*Vega v Restani Const. Corp.*, 18 NY3d 499, 505 [2012]; *see also Baker v Harrison,* 180 AD3d 1210 [3d Dept 2020] [denying summary judgement for the imposition of a constructive trust because credibility of the parties was at issue]). Accordingly, since resolution of the factual disputes largely involves credibility determinations, summary judgment on plaintiff's first cause of action for the imposition of a constructive trust is inappropriate and must be denied.

**155350/2021   NYEU, LINCOLN T.K. vs. NYEU, FONG-YEE ET AL**
**Motion No.  003**

**Page 8 of 11**

8 of 11

## Declaratory Judgment and Partition

Since plaintiff's second cause of action for a declaratory judgment regarding the ownership of the Condominium, and his third cause of action for partition, depend on resolution of the same factual issues as plaintiff's first cause of action for the imposition of a constructive trust, summary judgment will be denied as to plaintiff's second and third causes of action as well.

## Accounting Counterclaim

Defendants, Fong-Ming, Fong-Yee, and Kathryn Nyeu's first counterclaim seeks an accounting for all funds handled and all acts performed by plaintiff and Fon-Lin as their agents while managing the Condominium. "An equitable accounting involves a remedy designed to require a person in possession of financial records to produce them, demonstrate how money was expended and return pilfered funds in his or her possession" (*Metro. Bank & Tr. Co. v Lopez*, 189 AD3d 443, 446 [1st Dept 2020]). "In order to enlist the aid of a court ... in vindicating the right to an accounting a plaintiff must show a demand for an accounting and a failure or refusal by the [party] with the books, records, profits or other assets of the partnership in his possession to account to the [parties]" (*Blaustein v Lazar Borck & Mensch*, 161 AD2d 507, 508 [1st Dept 1990]).

Plaintiff argues that defendants never made a demand for an accounting and therefore the claim should be dismissed. However, plaintiff does not submit an affidavit stating he never received such correspondence and only makes the argument in his memorandum of law. Accordingly, summary judgment on defendants' first counterclaim for an accounting will be denied.

**155350/2021   NYEU, LINCOLN T.K. vs. NYEU, FONG-YEE ET AL**
**Motion No.  003**

**Page 9 of 11**

9 of 11

[* 9]

**Breach of Fiduciary Duty and Unjust Enrichment Counterclaims**

Defendants, Fong-Ming, Fong-Yee, and Kathryn Nyeu, assert two additional counterclaims for a breach of fiduciary duty, and for unjust enrichment, alleging that plaintiff has retained funds collected from renting the Condominium, which he was to hold for Fong-Ming and Fong-Yee's benefit. The elements of a cause of action to recover damages for breach of fiduciary duty are "(1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (*LMEG Wireless, LLC . Farro*, 190 AD3d 716, 720 (2nd Dept 2021). The elements of an unjust enrichment claim are "(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (*Marini,* 79 AD3d 934).

Defendants argue that plaintiff breached his fiduciary duty to them, and unjustly enriched himself, by not distributing the rent he collected on their behalf to them when he was managing the Condominium. Plaintiff opposes and argues that the parties had agreed that he was entitled to retain the profits derived from the Condominium. Again, there are unresolved issues of fact that will require credibility determinations. Accordingly, summary judgment will be denied on defendants' second and third counterclaims.

**Notice of Pendency**

Defendants correctly argue that the notice of pendency should be canceled pursuant to CPLR § 6514 (a). CPLR § 6514 (a) provides, in relevant part, that "[t]he court, upon motion of any person aggrieved and upon such notice as it may require, shall direct any county clerk to cancel a notice of pendency, if service of a summons has not been completed within the time limited by section 6512." "CPLR § 6512 provides that a notice of pendency is only effective if a

155350/2021   NYEU, LINCOLN T.K. vs. NYEU, FONG-YEE ET AL
Motion No. 003

Page 10 of 11

summons is served upon the defendant within 30 days after filing" (*Knopf v Sanford*, 132 A.D.3d 416, 417 [1st Dept 2015]). Here, plaintiff failed to serve defendants within the 30-day period. Plaintiff filed the Summons and the Notice of Pendency on June 3, 2001 (NYSCEF Doc Nos 1 & 2). However, plaintiff did not serve the Summons and the Notice of Pendency on defendants' Fong-Yee and Fong-Ming until August 5, 2021 (NYSCEF Doc Nos 5 & 6) - sixty-three days after filing the Summons and Notice of Pendency. Accordingly, the County Clerk will be directed to cancel the Notice of Pendency filed June 3, 2021 in this action.

Accordingly, it is,

ORDERED that defendants motion for summary judgment and to cancel the Notice of Pendency filed on June 3, 2021 is granted to the extent that the County Clerk of New York County, upon service upon him of a copy of this order with notice of entry, shall cancel the notice of pendency filed by plaintiff on June 3, 2021, and the motion is otherwise denied; and it is further

ORDERED that such service upon the County Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]; and it is further

ORDERED that plaintiff's cross-motion for summary judgment is denied in its entirety.

20240405153939PG0ETZ1D1226FD4C2AC461063036AF6F8164EC9

| **4/2/2024** | | **PAUL A. GOETZ, J.S.C.** |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155350/2021   NYEU, LINCOLN T.K. vs. NYEU, FONG-YEE ET AL**
**Motion No.  003**

**Page 11 of 11**

[* 11]